UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| ALLEN WILLIAMS, | ) |
| :--- | :--- |
| Plaintiff, | ) |
| v. | ) Case No. 3:18-CV-408 JD |
| RONALD DELGADO and STATE OF INDIANA, | ) |
| Defendants. | ) |

## OPINION AND ORDER

Plaintiff Allen Williams was stabbed in the face by another inmate while incarcerated in the Indiana Department of Correction. In addition to an Eighth Amendment failure-to-protect claim that is not at issue here, he asserted claims against a guard and the State of Indiana under the Equal Protection Clause and federal disability-rights statutes, alleging that the defendants deprived him of the same protection provided to other inmates because of his pre-existing visual impairment, thus allowing him to be attacked. The defendants moved for judgment on the pleadings on those counts. For the following reasons, the Court denies the motion.

## I. FACTUAL BACKGROUND

Allen Williams is serving a term of incarceration, and was housed at Indiana State Prison at the time underlying this action. He suffers from corneal disease that impaired his vision. Due to his disability, Mr. Williams asked to be placed in a medical ward to receive services and protection, but officials denied that request and placed him in an administrative segregation block instead. For reasons of safety and security, only authorized prisoners are permitted to enter that block, and prisoners outside their cells were to be guarded by an officer escort at all times.

On July 24, 2016, Mr. Williams was removed from his cell and shackled by defendant Ronald Delgado, a correctional officer, so that Mr. Williams could participate in recreation. However, Mr. Delgado refused to escort Mr. Williams, and instead ordered him to walk alone through the administrative segregation block. Mr. Delgado then left. Shortly thereafter, Mr. Williams was attacked and stabbed in the face by a violent prisoner who was not authorized to be in the block, but who had been permitted to enter by Mr. Delgado. Mr. Williams suffered severe injuries to his face and eyes. Although he was hospitalized for five days and has undergone surgeries and treatment, he continues to suffer the effects of his injuries.

Mr. Williams filed this action in state court against Mr. Delgado and the State of Indiana. The defendants answered the complaint but later filed a motion for judgment on the pleadings, asking that some of the claims be dismissed. That motion has been fully briefed.

## II. STANDARD OF REVIEW

A motion for judgment on the pleadings under Rule 12(c) is subject to the same standard of review as a motion to dismiss under Rule 12(b)(6). *Gill v. City of Milwaukee*, 850 F.3d 335, 339 (7th Cir. 2017). The Court construes the complaint in the light most favorable to the plaintiff, accepts the factual allegations as true, and draws all reasonable inferences in the plaintiff's favor. *Reynolds v. CB Sports Bar, Inc.*, 623 F.3d 1143, 1146 (7th Cir. 2010). A complaint must contain only a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). That statement must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face, *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), and raise a right to relief above the speculative level. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). However, a plaintiff's claim need only be plausible, not probable. *Indep. Trust Corp. v. Stewart Info. Servs. Corp.*, 665 F.3d 930, 935 (7th Cir. 2012). Evaluating whether a plaintiff's claim is sufficiently plausible to survive a motion to dismiss is

"'a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.'" *McCauley v. City of Chicago*, 671 F.3d 611, 616 (7th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 678).

### III. DISCUSSION

Mr. Williams asserts constitutional claims against Mr. Delgado, and statutory claims against the State of Indiana. Specifically, he asserts that Mr. Delgado violated his rights under the Eighth Amendment by failing to protect him from violence by other inmates, and violated his rights under the Equal Protection Clause by denying him protection on account of his disability. As to Indiana, Mr. Williams asserts a claim under the Americans with Disabilities Act and the Rehabilitation Act, alleging that Indiana discriminated against him on account of his disability by denying him the protection from harm that is provided to non-disabled prisoners. The defendants moved for judgment on the pleadings as to each claim except for the Eighth Amendment claim against Mr. Delgado.

**A. Equal Protection**

The Court first addresses Mr. Williams' equal protection claim against Mr. Delgado. Mr. Williams asserts in this claim that Mr. Delgado failed to give him the same protection afforded to other inmates, and that he did so because of Mr. Williams' disability, thus violating the Equal Protection Clause. The purpose of the Equal Protection Clause of the Fourteenth Amendment is to "secure every person within the State's jurisdiction against intentional and arbitrary discrimination, whether occasioned by express terms of a statute or by its improper execution through duly constituted agents." *Vill. of Willowbrook v. Olech,* 528 U.S. 562, 564 (2000). Claims involving disability rights are not subject to the heightened scrutiny applicable to fundamental rights or suspect classifications like race, so the equal protection claim is evaluated under the rational-basis standard of review. *Bd. of Trs. of Univ. of Ala. v. Garrett*, 531 U.S. 356,

3

366–67 (2001); *City of Cleburne v. Cleburne Living Ctr., Inc.*, 473 U.S. 432, 442 (1985); *Discovery House, Inc. v. Consolidated City of Indianapolis*, 319 F.3d 277, 282 (7th Cir. 2003). To state such a claim, a plaintiff must allege (1) the defendant intentionally treated him differently from others similarly situated, (2) the defendant did so because of his membership in the class to which he belonged, and (3) the difference in treatment was not rationally related to a legitimate state interest. *Smith v. City of Chicago*, 457 F.3d 643, 650–51 (7th Cir. 2006).

In moving to dismiss, Mr. Delgado first argues that Mr. Williams failed to allege that he was treated differently from other similarly situated individuals.[1] Though the complaint is perhaps more spartan in spelling out this allegation that it needs to be, the Court finds that it adequately alleges this element. The complaint alleges prison policy required prisoners in the administrative segregation block to be guarded by an officer escort at all times while outside their cells. It further alleges that Mr. Delgado refused to provide Mr. Williams with that protection and "discriminatorily denied [him] protection provided to non-disabled prisoners."[2] [DE 5 ¶ 29]. The inference is that Mr. Delgado would have provided that protection to other prisoners, and that he refused to give Mr. Williams, as a disabled prisoner, the same protection that was afforded to non-disabled prisoners. That suffices at the pleading stage to allege that Mr. Williams was treated differently from other similarly situated individuals.

---

[1] Mr. Delgado characterizes this as a "class of one" equal protection claim, but that's not accurate. Mr. Williams alleges discrimination on account of his membership in the class of disabled persons (or perhaps the visually impaired). Though that class is still subject to rational basis scrutiny, it is not a class of one.

[2] Mr. Williams' response brief further argues that he was denied access to a cell block available to other prisoners. However, the complaint does not allege that Mr. Delgado had any involvement in Mr. Williams' assignment to his cell block, so that could not be the basis of a claim against Mr. Delgado.

Mr. Delgado next argues that Mr. Williams failed to adequately allege the lack of a rational basis for this disparity in treatment. Pleading a claim that a challenged action lacked a rational basis can be difficult, as rational basis review does not require determining what actually motivated the challenged action. *Fares Pawn, LLC v. Ind. Dep't of Fin. Inst.*, 755 F.3d 839, 845 (7th Cir. 2014). A claim will fail if there "is a *conceivable* rational basis for the difference in treatment," *D.B. ex rel. Kurtis B. v. Kopp*, 725 F.3d 681, 686 (7th Cir. 2013), so a claim will be dismissed at the pleadings stage when a rational basis can be hypothesized, *Flying J Inc. v. City of New Haven*, 549 F.3d 538, 547 (7th Cir. 2008).

This claim would thus need to be dismissed if Mr. Delgado could identify any conceivable rational basis for the discrepancy in treatment of which Mr. Williams complains. However, while he insists that a rational basis does exist, Mr. Delgado never offers any suggestion for what that rational basis is. Nor is any explanation apparent from the complaint for why Mr. Delgado would refuse to provide disabled or visually impaired prisoners the same protection that he would provide to other prisoners. Perhaps some explanation will emerge later in the case (or perhaps that factual premise will turn out to be mistaken), but absent any suggestion at this stage of a rational basis for this differential treatment, the complaint adequately states an equal protection claim. The Court therefore denies the motion as to this claim.

**B.     Disability Rights Statutes**

Mr. Williams next asserts a claim against Indiana under the ADA and the Rehabilitation Act. Those statutes are identical for these purposes, and require a plaintiff to show (1) that he is a qualified individual with a disability, (2) that he was denied the benefits of the services, programs, or activities of a public entity or otherwise subjected to discrimination by such entity, and (3) that the denial or discrimination was by reason of his disability. *Wagoner v. Lemmon*, 778 F.3d 586, 592 (7th Cir. 2015). Indiana does not dispute that Mr. Williams adequately pled

that he is a qualified individual with a disability due to his visual impairment. And in its reply brief, it clarified that it does not dispute that he alleged that he was denied the benefits of services, programs, or activities, when he was denied protection within the cell block or when he was denied placement in the medical ward. Indiana argues, though, that Mr. Williams failed to allege that he was denied services, programs, or activities *because of* his disabilities.

The Court disagrees. The complaint alleges that Indiana "excluded [Mr. Williams] from the benefits of protection provided to non-disabled prisoners" and subjected him "to intentional discrimination as a qualified individual with disabilities." [DE 5 ¶ 31]. And as noted above, the complaint alleges that Mr. Delgado "discriminatorily denied [Mr. Williams] protection provided to non-disabled prisoners." *Id.* ¶ 29. The Seventh Circuit sets a low bar for pleading discrimination, and these allegations suffice. *See Huri v. Office of the Chief Judge of the Circuit Court of Cook Cty.*, 804 F.3d 826, 833 (7th Cir. 2015) ("A complaint that identified the type of discrimination the plaintiff thought occurred, by whom, and when was all the plaintiff needed to put in her complaint." (internal quotations and alterations omitted)).

Finally, Indiana argues that it has sovereign immunity against a suit for damages under the ADA. The ADA purports to abrogate states' sovereign immunity, but the question of whether that abrogation is a valid exercise of Congress' authority for claims brought under Title II of the ADA is more nuanced than the parties' briefs reflect. *See, e.g.*, *Wilke v. Cole*, 2014 WL 7237019 (E.D. Wis. Dec. 17, 2014) The Court need not directly resolve that issue, however, because this claim arises equally under the Rehabilitation Act, as to which sovereign immunity does not apply. The Rehabilitation Act is an exercise of Congress' spending power and applies only to the recipients of federal funds. Those recipients must accept any strings attached to those funds, and one of those strings under the Rehabilitation Act is submitting to suit in federal court, so

sovereign immunity does not bar that claim for damages. *Stanley v. Litscher*, 213 F.3d 340, 344 (7th Cir. 2000); *see also Bd. of Educ. of Oak Park & River Forest v. Kelly E.*, 207 F.3d 931, 935 (7th Cir. 2000). Though Mr. Williams' complaint cites both the ADA and the Rehabilitation Act, he asserts only a single claim against Indiana, and the two statutes are coextensive (except for the Rehabilitation Act's requirement that the defendant receive federal funds, which does not appear to be in question). Since this argument would not justify dismissal of this claim, nor would it have any effect on the extent or availability of recovery, the Court need not resolve whether Indiana has sovereign immunity to damages under the ADA. *Jaros v. Illinois Dep't of Corr.*, 684 F.3d 667, 671–72 (7th Cir. 2012) ("[T]he analysis governing each statute is the same except that the Rehabilitation Act includes as an additional element the receipt of federal funds, which all states accept for their prisons. As a practical matter, then, we may dispense with the ADA and the thorny question of sovereign immunity, since [the plaintiff] can have but one recovery." (internal citations omitted)). The Court therefore denies the motion to dismiss this claim.[3]

## IV. CONCLUSION

For those reasons, the Court DENIES the motion for judgment on the pleadings. [DE 8].

SO ORDERED.

ENTERED: November 13, 2018

                                            /s/ JON E. DEGUILIO
                                            Judge
                                            United States District Court

---

[3] Indiana also argues that Mr. Williams cannot recover compensatory damages because he has not adequately alleged intentional discrimination, but that is a merits question, and the Court addressed that argument above.